1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# DISTRICT OF NEVADA

10
11

RONALD J. MULDER,

12

    *Petitioner*,

    2:04-cv-00324-KJD-GWF

13

    ORDER

vs.

14

JAMES M. SCHOMIG, *et al.*,

15

    *Respondents.*

16
17
18

    This habeas matter under 28 U.S.C. § 2254 comes before the Court for review on the

19

merits and consideration of whether an evidentiary hearing is required.

20

### *Background*

    Petitioner Ronald Mulder seeks to set aside his 2002 conviction, pursuant to an *Alford*

21

plea,[1] of first degree murder.  He was sentenced pursuant to the recommendation in the plea

22

agreement to life imprisonment with the possibility of parole after twenty years.

23
24

    The federal petition presents two grounds.  In Ground One, Mulder alleges that he

25

would not have entered the plea but for the ineffective assistance of his counsel in failing to

26

develop an intoxication defense to the specific intent requirement for first degree murder and

27
28

    [1]*See North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)(holding that a defendant can enter a valid guilty plea while still maintaining his innocence where there is a factual basis for the plea and the plea is voluntary, knowing, and intelligent).

in instead advising him that intoxication was not a defense.  In Ground Two, petitioner alleges that he was denied effective assistance of counsel and due process when his counsel refused Mulder's request to file a direct appeal and instead erroneously advised him that he did not have a right to appeal in the circumstances presented, notwithstanding the limited appeal rights preserved by the plea agreement.

In his verified state court petition and supplement together with an attached sworn declaration, Mulder presented the following specific factual allegations as to Ground One.[2]

According to petitioner, Mulder and Charles Whitaker had known each other, were friends and "drinking buddies," and had worked together for a temporary labor service in Las Vegas.  On the date in question, they consumed an excessive quantity of alcohol.  A nearly empty 1.75 liter bottle of whiskey was later recovered from the scene.  On the morning of May 19, 2001, Mulder woke up and started drinking.  He wanted Whitaker to wake up and drink with him.  He made several attempts in various ways to wake him, including "trying to give him a hot foot," with no success.  Then, allegedly in a drunken stupor, Mulder poured lacquer thinner on Whitaker and ignited it, catching both men on fire.  After putting out the fire on himself, Mulder tried to find water to put out the fire on Whitaker, who still was not moving. When he could not find any water, he used his own blanket to put out the fire.  He then found some water to cool Whitaker down, before falling back onto his cot in a stupor.  Investigating officers observed that Mulder was intoxicated, that his breath smelled of alcohol, and that his hair and eyebrows were singed.

According to Mulder, he told his defense counsel, Curtis Brown, that he did not intentionally kill Whitaker.  Brown told him, however, that intoxication was not a defense to the charges in his case.  Based upon this advice, he pled guilty to first degree murder.

Mulder alleged that defense counsel rendered ineffective assistance in advising him to plead guilty to first degree murder without investigating and developing a defense to the

---

[2]The Court makes no credibility findings or other factual findings regarding the truth or falsity of any allegations or evidence presented, and it summarizes same solely as background to the issues presented.

premeditation element for first degree murder based upon his extreme intoxication.  He maintained that a plea or conviction for a lesser manslaughter offense would have been possible had counsel pursued the defense and properly advised petitioner.  Petitioner cited Nevada statutory law and case law permitting the fact of intoxication to be taken into consideration in determining purpose, motive or intent, including whether the accused had the requisite intent of premeditation for first degree murder.  *See, e.g.,* N.R.S. 193.220; *Nevius v. State*, 101 Nev. 238, 249, 699 P.2d 1053, 1060 (1985)("It is true that voluntary intoxication may negate specific intent . . . "); *see also Garner v. State*, 116 Nev. 770, 784-86, 6 P.3d 1013, 1022-24 (2000), *overruled on other grounds, Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002).

On Ground Two, Mulder presented the following specific factual allegations in the state district court.

According to petitioner, the plea agreement advised that he had a limited right to appeal.  However, when he asked defense counsel to file an appeal, counsel stated that he did not have a right to appeal; and counsel did not file a notice of appeal as requested.  Petitioner alleged that the failure to file the requested appeal and the erroneous advice that he had no appeal rights constituted ineffective assistance.

The state district court denied relief on the petition without holding an evidentiary hearing.

On appeal, the Supreme Court of Nevada addressed the claim presented in federal Ground One as a claim that "trial counsel was ineffective for allowing [petitioner] to plead guilty to first-degree murder instead of involuntary manslaughter."  The state high court described the relief sought as a request for reduction of petitioner's sentence or to "allow him to withdraw his plea and proceed to trial."  After reviewing the guilty plea agreement and the record of the plea colloquy, the court rejected the claim on the following basis:

> The State provided a sufficient factual basis to support Mulder's plea, and a totality of the circumstances from the record shows that Mulder's plea was freely, knowingly, and voluntarily entered.   Mulder failed to show how his trial counsel was

1              ineffective for advising him to enter the plea or how his trial
2              counsel was otherwise ineffective in any way.  Therefore, we
               conclude that the district court properly denied Mulder's petition.

3    *Order of Affirmance,* at 4.  The Nevada Supreme Court's order did not otherwise specifically

4    address the claim regarding the failure to file an appeal.

5          After the filing of the federal petition, this Court screened the petition both on the merits

6    and as to potential defenses.  Pursuant to Rule 4 of the Rules Governing Section 2254

7    Cases, the Court ordered respondents to answer the petition fully on the merits together with

8    any defenses but without serial presentation of defenses.  The order further directed

9    respondents to comply with Habeas Rule 5, which requires the respondents to attach all

10   relevant transcripts and other state court record materials with the answer.  #4.

11         Respondents nonetheless filed a motion to dismiss rather than an answer, without

12   complying with Rule 5.  The motion to dismiss contended that petitioner's claims were based

13   upon only bare conclusory allegations that failed to state a federal constitutional violation. #7

14         The Court denied the motion to dismiss.  The Court again ordered respondents to

15   answer the petition, without serial presentation of defenses, and to comply with Rule 5. #12.

16         In the answer, respondents' counsel objected to the Court's requirement that the

17   respondents answer without serial presentation of defenses.  Counsel maintained that the

18   Court's order was in conflict with habeas motion practice and forced respondents to present

19   exhaustion and procedural default defenses at the same time as their answer on the merits.

20   Counsel requested that he be advised if the Court had any authority to the contrary to his

21   position. #13.

22         Notably, however, respondents did not assert any exhaustion or procedural default

23   defenses in this case, either in the motion to dismiss that was filed or in the answer.

24         The answer maintained that the Nevada Supreme Court's rejection of petitioner's

25   claims was neither contrary to nor an unreasonable application of clearly established federal

26   law.  Respondents filed with the answer a copy of the plea agreement, the state petition, the

27   state district court's order, and the order of affirmance.  Respondents did not include a copy

28   of the plea colloquy transcript, which was expressly relied upon by the state high court.

1

*Discussion*

2      On the merits, petitioner stated viable and factually specific federal claims in the state

3 courts.  The claims and petitioner's verified factual allegations were not subject to being

4 rejected without an evidentiary hearing based solely on the plea agreement and plea colloquy

5 transcript.  On Ground One, in particular, petitioner may be entitled to relief if his counsel

6 failed to pursue a viable defense on premeditation and the petitioner entered a guilty  plea to

7 first degree murder because of erroneous advice that intoxication could not be relied upon in

8 his defense to the required elements of that charge.  As the petitioner presented potentially

9 viable claims with supporting verified papers and the claims were rejected on the merits by

10 the state courts without an evidentiary hearing, this Court must hold an evidentiary hearing

11 on the petition.  *See, e.g., Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir.

12 2005)(standards for holding a federal evidentiary hearing in cases governed by the AEDPA).

13 The Court accordingly will hold an evidentiary hearing on the merits, a step which further

14 requires that the Court appoint counsel for petitioner pursuant to Habeas Rule 8(c).

15      With regard to respondents' counsel's concerns about this Court's orders,[3] Rule 4 of

16 the Rules Governing Section 2254 Cases authorizes the district court to "order the respondent

17 to file an answer, motion, or other response within a fixed time, or to take other action the

18 judge may order."  The Advisory Committee notes to Rule 4 confirm the authority and

19 flexibility of the district court to exercise its discretion and make a pragmatic determination as

20 to the most expeditious manner to proceed in the particular case.  Allowance for the filing of

21 a motion to dismiss rather than an answer neither is compelled in all cases nor is it a matter

22 of right by the respondents.  Indeed, the very same Ninth Circuit authority that respondents'

23 counsel cites to the Court expressly confirms that "there may be circumstances where

24 concerns about delay and efficiency militate in favor of ordering a full scale answer."  *White*

25 *v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989).  The Court's orders in this case do not and have

26 not prevented respondents either from asserting any viable procedural defenses in an answer

27

28          [3] The Court notes that a different deputy attorney general now is enrolled for respondents.

-5-

or from having any such procedural defenses considered prior to a determination on the merits.  The Court trusts that the initial failure to comply with the provisions of the service order issued for this case will not be repeated in future cases.

IT THEREFORE IS ORDERED that, on a date to be determined, an evidentiary hearing will be held in this matter on the merits and that, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases and 18 U.S.C. § 3006A, counsel will be appointed for petitioner.

IT FURTHER IS ORDERED that the Federal Public Defender for the District of Nevada shall have thirty (30) days to undertake direct representation of the petitioner or to indicate to the Court its inability to represent the petitioner in these proceedings.  If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that, if the Federal Public Defender is able to represent petitioner and files a notice of appearance herein, counsel shall state in the notice of appearance the time believed to be necessary to prepare and file an amended petition, taking into account the anticipated investigation and other steps necessary for preparing the pleading.  A deadline for the filing of an amended petition will be set after counsel has filed a notice of appearance, in the order confirming the specific appointment.  The Court places both counsel on notice of its intention to resolve this case as expeditiously as possible, given the age of the case; but time will be allowed for petitioner's counsel to prepare.

The Clerk of Court shall send a copy of this order to the Federal Public Defender and to the CJA Coordinator for the Southern Division.

DATED this 21st day of December, 2006.

_____
KENT J. DAWSON
United States District Judge